Ogilvie v. Lightstone.

---

### Edward P. Ogilvie v. Simon Lightstone.

The vendor gave a deed with a warranty of title, and a covenant that the land was free from incumbrances, except an outstanding lease, which had two years and seven months to run. The vendee gave, in part payment, his note, with an agreement that so much should be deducted from the amount of it as he should be compelled to pay to obtain possession of the house at the expiration of the lease. Before the expiration of the lease, the tenant pulled down the house. *Held,*—on demurrer to the answer, in an action by the vendor on the note, that the vendee could not counterclaim the value of the house.

The vendee, as the owner of the reversion, had his remedy against the lessee in an action for waste; or if the lessee had a right to take the house away, his remedy was upon the covenant in the vendor's deed.

THIS was an appeal from a judgment of the special term of this Court, sustaining a demurrer to the answer. The action was brought upon a promissory note against the maker. The defendant after denying that the plaintiff was the holder or owner of the note, set out that the note was given by him in part payment for a house purchased by him from the plaintiff. That there being an unexpired lease upon the house, the plaintiff had agreed with him, in writing, that whatever sum or sums of money should be required to obtain possession of the house from the lessee on the first of May, 1859, should be deducted from sr note. A third defence was set up by way of coun-

Ogilvie v. Lightstone.

ter-claim on the covenants of the deed. The plaintiff demurred to the second defence. The special term sustained the demurrer with the following opinion by

BRADY, J.—There is nothing in any agreement stated in the second defence set up which would entitle the defendant to prove the damages occasioned by the act of Ellen Clark, the lessee of the plaintiff, complained of in the answer. The deed was recorded on the 27th of April, 1858, and the defendant had the entire estate at that time. Any injury to the reversion after that time would give to the defendant a right of action, and not to the plaintiff, and Ellen Clark became liable to the defendant for the damages, which the defendant seeks to have applied to the satisfaction of the plaintiff's demand, by way of counter-claim. The defendant knew when the agreement of April 24, 1858, was executed, that the premises were in the possession of the plaintiff's lessee, and took them by deed subject to the lease to Ellen Clark. He had notice, therefore, that the premises were not in the possession of the plaintiff, and took them, subject to all the difficulties that might arise from that circumstance. The conclusions presented are based upon the assumption that the agreement relied upon as creating the counter-claim is such as would be enforced at law, but that it would be is very doubtful. The parties have committed themselves to writing, and appear to have covered in that way the whole subject of their dealings.

Judgment for plaintiff on the demurrer.

From the judgment entered on the demurrer, the defendant appealed to the general term.

*Harrington & Grieff*, for the appellant.

*J. W. Cotterill*, for the respondent.

BY THE COURT.—DALY, F. J.—The plaintiff gave a deed of warranty of title and a covenant that the land was free from incumbrances, except an outstanding lease, which had two

Ogilvie v. Lightstone.

years and seven months to run. If the lessee, as alleged in the answer, tore down the house before her term expired, the defendant, as the owner of the reversion, had his remedy against her in an action for waste (1 Just., 53 ; Kerr's Action at Law, 93) ; or if she had the right to take the house away, then his remedy was upon the covenant in the plaintiff's deed.

The agreement bears date after the deed, but is alleged in the answer to have been executed before the deed was delivered. It provides that whatever sum or sums of money may be required to obtain possession of the house and lot from the lessee on the first day of May, 1859 (the day of the expiration of the lease), it shall be deducted from the note given by the defendant to the plaintiff as part of the consideration. It is unnecessary to inquire whether this agreement was or was not merged in the deed subsequently given ; for, treating it as collateral and independent, no liability on the part of the plaintiff has accrued under it. The house having been taken away or destroyed by the lessee before the first of May, 1859, no sum of money could be required to obtain possession of it on that day or afterward, or at least it is not alleged that any sums of money were expended for such a purpose. The error of the defendant consists in supposing that he would be entitled to deduct from the note, under the agreement, the value of the house carried away or destroyed by the lessee. No provision for anything of that kind exists in the agreement. His remedy for that act, as I have suggested, is against the lessee, if she had no right to take the building away, or if she had, against the plaintiff upon his covenant, and there is nothing in the answer to show a breach of that covenant on his part. For all that appears in the answer, the lessee may have removed the building without any right, in which case the remedy is against her. The judgment at the special term therefore was correct.

Judgment affirmed.